In the Matter of the Arbitration between YORKTOWN SPORTSWEAR Co., INC., Respondent, and AMALGAMATED CLOTHING WORKERS OF AMERICA et al., Appellants.— Judgment, Supreme Court, New York County, entered on June 11, 1973, unanimously modified, on the law, so as to delete the provision for further proceedings before the court appointed arbitrator and so as to return all disputes previously submitted to the impartial chairman named in the agreement to render a final and binding award on those issues and, except as so modified, the judgment is affirmed, without costs and without disbursements. Petitioner is a small garment manufacturer. The parties are signatories to a collective bargaining agreement expiring June 1, 1974, under which the employer agreed that he would not remove its plant from New York City nor manufacture garments elsewhere without the consent of the New York Joint Board. The agreement calls for arbitration of any dispute by an arbitrator designated

therein as "Impartial Chairman." For various stated reasons, petitioner determined to remove itself from the City of New York and commence operations in Florida. Appellants refused to consent to the plant removal. In May, 1972, there was a wildcat work stoppage at petitioner's plant. On May 24, 1972 an arbitration proceeding took place before the Impartial Chairman. On the same day the arbitrator rendered an award directing the workers to resume their employment and ordering the employer to cease all activities with respect to plant removal. The directives were issued "without any implication as to the merits of the controversy" and were to remain in effect until a hearing could be had on all the issues in dispute between the parties. Petitioner allegedly continued its activities with respect to removing to Florida so that on December 21, 1972 the Impartial Chairman rendered a further "award". He found that the employer had violated the prior injunction and had become liable for damages irrespective of what may be the ultimate decision on the issues in dispute after a hearing to be duly held. He directed the employer to post a $25,000 bond for payment of any damages to be fixed after a subsequent hearing. No final hearing has been held or scheduled. Special Term concluded that the nature of the arbitrator's determinations and the circumstances under which they were made constituted misconduct warranting the appointment of a different arbitrator before whom the disputes would be submitted. We disagree. No warrant for removing the Impartial Chairman is established by this record. If he should engage in misconduct hereafter, then the parties may resort to the courts and ask for his replacement. A full-blown hearing has not been refused. Nor does it clearly appear that it has been requested. The arbitrator has merely failed to schedule a hearing. The record on appeal does not reveal what issues were actually submitted to the arbitrator. But whatever those issues were, the arbitrator did not determine them. It follows that his awards or decisions are non-final, incomplete and vacatable under CPLR 7511 (subd. [b], par. 1, cl. [iii]). Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Lane, JJ.